﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190329-99970
DATE: March 31, 2021

ORDER

Entitlement to an initial disability rating in excess of 30 percent for coronary artery disease (CAD) is denied.

FINDING OF FACT

For the entire period on appeal, the Veteran’s CAD was not manifested by more than one episode of acute, congestive heart failure in the past year; or a workload of greater than 3 METs but not greater than 5 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope; or left ventricular (LV) dysfunction with an ejection fraction (EF) of 30 to 50 percent.

CONCLUSION OF LAW

The criteria for an initial disability rating in excess of 30 percent for coronary artery disease have not been met. 38 U.S.C. §§ 1155, 5107, (2012); 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.10, 4.21, 4.104, Diagnostic Code (DC) 7005 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from June 1966 to September 1971.

A rating decision was issued under the legacy system in August 2018 and the Veteran submitted a timely notice of disagreement. In February 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a March 2019 VA Form 10182, Decision Review Request: Board Appeal, identifying the February 2019 SOC as the decision on appeal. Additionally, within his March 2019 VA Form 10182, the Veteran elected the Hearing docket. The Veteran testified before the undersigned Veterans Law Judge at a December 2020 virtual hearing, and a transcript of the hearing has been associated with the claims file. 

During the hearing, the undersigned advised the Veteran and his representative of the need to resubmit relevant private treatment records that had been previously associated with the claims file outside of the relevant evidentiary window; however, no such evidence was submitted by the Veteran and/or his representative at the hearing or within 90 days following the hearing. Therefore, the Board may consider only the evidence of record at the time of the February 2019 SOC. 38 C.F.R. § 20.302(a). If the Veteran wishes to submit additional relevant evidence, he may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501.

Entitlement to an initial disability rating in excess of 30 percent for CAD.

Disability evaluations are determined by evaluating the extent to which a veteran’s service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities.

Whether the issue is one of an initial rating or an increased rating, separate ratings can be assigned for separate periods of time based on the facts found, a practice known as “staged” ratings. With respect to the Veteran’s initial rating claim on appeal, the Board has considered the claim from the initial effective date, which the Veteran has not appealed, as well as the appropriateness of the assigned staged rating periods.

The Veteran’s CAD is currently rated as 30 percent disabling from April 13, 2018, under Diagnostic Code (DC) 7005. 38 C.F.R. § 4.104, DC 7005 (2020). Thereunder, a 30 percent disability rating is warranted when a workload of greater than 5 metabolic equivalents (METs) but not greater than 7 METs resulting in dyspnea, fatigue, angina, dizziness, or syncope, or; evidence of cardiac hypertrophy or dilatation on electrocardiogram, echocardiogram, or x-ray. A 60 percent disability rating is warranted for more than one episode of acute, congestive heart failure in the past year, or; when a workload of greater than 3 METs but not greater than 5 METs results in dyspnea, fatigue, angina, dizziness, or syncope; or when there is left ventricular (LV) dysfunction with an ejection fraction (EF) of 30 to 50 percent. Finally, a maximum schedular 100 percent disability rating is warranted for chronic congestive heart failure, or; when a workload of 3 METs or less results in dyspnea, fatigue, angina, dizziness, or syncope, or; LVEF of less than 30 percent.

One MET is defined as the energy cost of standing quietly at rest and represents an oxygen uptake of 3.5 milliliters per kilogram of body weight per minute. 38 C.F.R. § 4.104, Note (2) (2016). When the level of METs at which dyspnea, fatigue, angina, dizziness, or syncope develops is required for evaluation, and a laboratory determination cannot be done for medical reasons, an estimation by a medical examiner of the level of activity (expressed in METs and supported by specific examples, such as slow stair climbing or shoveling snow) that results in dyspnea, fatigue, angina, dizziness, or syncope may be used. Id.

Private treatment records from January 2011 document the Veteran’s essentially normal left ventricular systolic function. A cardiac stress test in March 2017 revealed an estimated ejection fraction of 55 percent, and a METs level of 6.7. In August 2017, the Veteran reported that he was experiencing fatigue, but then improved, with no chest pain or shortness of breath. Upon follow up in March 2018, he had no angina and reported that he and his wife enjoyed traveling after his retirement.

Upon VA heart examination in August 2018, the VA examiner noted there was no history of congestive heart failure and that the most recent exercise stress test in March 2017 documented METs level of 6.7. The examiner documented that the Veteran had undergone both a stress test and an interview-based METs test. The examiner noted that the current interview-based METs test was most appropriate, and estimated that the Veteran could achieve a level of greater than 5 METs and less than 7 METs after which he reported dyspnea and fatigue. A concurrent echocardiogram documented that the Veteran’s left ventricular systolic function was normal, with an ejection fraction noted to be between 50-55 percent, and a 2D ejection fraction of 56 percent. The Echo 2D panel showed that the left ventricular cavity size, left ventricular diastolic function, the right ventricular cavity size, and systolic function were all normal. 

Notably, the preponderance of the evidence of record, including as discussed above, is against a finding that the Veteran’s CAD resulted in an episode of acute, congestive heart failure in the past year, or a workload of greater than 3 METs but not greater than 5 METs, which resulted in dyspnea, fatigue, angina, dizziness, or syncope; or an LVEF of 30 to 50 percent at any time during the pendency of the appeal. 

The Board is aware that the narrative of the echo 2D included a statement that, “The left ventricular systolic function is normal, ejection fraction is 50-55%,” which the low end of the ejection fraction (50%) is contemplated by the 60 percent rating criteria. To the extent the listed range of “50-55%” could be argued as supporting an increased rating based on a LVEF of 50 percent, the specific result of an ejection fraction of 56% (which is the documented number in that record), is more probative. In addition, the examiner wrote in the narrative portion that the LVEF was “normal,” which is evidence against an increased rating based upon left ventricular dysfunction. The METs of between 5 and 7 documented during the appeal period fall squarely in the 30 percent rating. As such, the preponderance of the objective evidence of record weighs against the Veteran’s claim for an evaluation in excess of 30 percent for the period on appeal.

The Board has also considered the Veteran’s lay statements of record, including his December 2020 hearing testimony. He reported that he suffered a heart attack in January 2011, after which two stents were inserted following a heart catherization. He stated that another heart catheterization was done in 2017 after he had issues with high blood pressure, angina, and some breathing issues, and that during that catherization, it was discovered that he had 100 percent blockage in a major artery of his heart. He reported that his body had bypassed the blockage in the artery due to a condition called collateral circulation, when the body recognizes the damage and bypasses the blockage. He further reported breathing problems and angina in 2019, after which another heart catherization found the same thing in another artery. He noted that his claim was disapproved due to an ejection fraction over 50 percent and stated that his METs level had dropped from a 9 to a 6.7. The METs drop from 9 to 6.7 shows that the Veteran’s CAD had worsened where the former METs level fell under the 10 percent rating and the latter METs level fell under the 30 percent rating. The preponderance of the evidence is against entitlement to an evaluation in excess of 30 percent for CAD.

For all the reasons laid out above, the Board concludes that the preponderance of the probative lay and medical evidence of record weighs against the Veteran’s claim of entitlement to an initial disability rating in excess of 30 percent for CAD for the period on appeal. As the preponderance of evidence is against the Veteran’s claim, there is no reasonable doubt to be resolved, and the claim for a higher rating is denied.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Chad Johnson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.